O

1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11  LISA McWHORTER,                    )        CASE NO. ED CV 08-01658 (RZ)
                                       )
12              Plaintiff,             )
                                       )
13       vs.                           )        MEMORANDUM OPINION
                                       )        AND ORDER
14  MICHAEL J. ASTRUE, Commissioner    )
    of Social Security,                )
15                                     )
                Defendant.             )
16  _____ )

17       Plaintiff challenges the Commissioner of Social Security's decision

18  terminating her disability benefits.  Such decisions are governed by 42 U.S.C. § 423(f).

19  As pertinent here, that section empowers the Commissioner to terminate benefits:

20

21       if substantial evidence demonstrates that –

22              (A) there has been any medical improvement in the

23              individual's   impairment   or   combination   of

24              impairments (other than medical improvement

25              which is not related to the individual's ability to

26              work), and

27              (B) the individual is now able to engage in

28              substantial gainful activity . . .

In 2001, Plaintiff was found disabled as of December 2000, as a result of her multiple sclerosis. [AR 21, 79] In 2006, the Social Security Administration terminated her benefits. Plaintiff exhausted her administrative remedies before bringing this action.

When termination of benefits is involved, the Commissioner must compare the severity of the impairment currently with the severity at the most recent time that disability was determined. If there has been medical improvement, and the medical improvement is related to the ability to work, then the Commissioner proceeds with a disability analysis similar to the sequential analysis used when first evaluating a disability claim. 20 C.F.R. § 404.1594.

Here, the record is devoid of any substantial evidence of medical improvement. One would think that if there were medical improvement in multiple sclerosis, which is known to be an incurable, degenerative neurological disorder, that the record would be replete with medical evidence to that effect. Yet, no medical expert testified at the hearing. Although consultants were hired with respect to psychological byproducts of the multiple sclerosis, no medical consultative examination was performed with respect to the multiple sclerosis in terms of other impacts, including Plaintiff's physical abilities. No medical doctor gave his opinion that Plaintiff had medically improved.

In fact, Plaintiff's treating doctor stated just the reverse. On January 20, 2006, he wrote that Plaintiff "has Multiple Sclerosis, which is a chronic and life-long medical condition. She was last seen by me on 1/11/06. She was found to have poor balance and difficulty walking, indicative of an MS exacerbation. She is awaiting treatment for this, but clinically she has not improved. . . ." [AR 287]

The Administrative Law Judge should have respected this determination. As the Ninth Circuit has held:

Under the regulations, if a treating physician's medical opinion is supported by medically acceptable diagnostic techniques and

is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. 20 C.F.R. § 404.1527(d)(2); see also Social Security Ruling (SSR) 96-2p. [FN1] An ALJ may reject the uncontradicted medical opinion of a treating physician only for "clear and convincing" reasons supported by substantial evidence in the record. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (internal quotation marks and citation omitted).

*Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001).

But rather than respecting the doctor's opinion, the Administrative Law Judge — who, of course, is not a doctor and is not authorized to make medical pronouncements, *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996) ("With a few exceptions (not relevant here), an ALJ, as a lay person, is not qualified to interpret raw data in a medical record") — rejected this determination by the treating physician. He had this to say about the treating physician's opinion:

[T]he doctor offered no laboratory or clinical findings to support her conclusory statement and the medical opinions and notes throughout the record weigh heavily against the claimant's allegations of disability. The allegations of symptom levels that preclude all types of work are not consistent with the evidence as a whole and are not credible. Moreover, Dr. Thai asserted in June 2005 that "[S]he is doing very well clinically" (Exhibit 1F,

/ / /

/ / /

/ / /

/ / /

1    page so; Exhibit 2F, page 70). She also noted the claimant
2    reported she felt well and she was able to walk unaided (Ibid).

3

4    [AR 26]  Not only did the Administrative Law Judge not give the treating physician's
5    opinion controlling weight, he gave it no weight whatsoever.  Yet he referred to no opinion
6    of a medical professional contradicting that of the treating physician.  And he had the
7    flimsiest of reasons for disregarding this opinion.

8          The Administrative Law Judge did not specify the "medical opinions and
9    notes throughout the record [that] weigh heavily against the claimant's allegations of
10   disability."   Nor does the Commissioner identify any such opinions or notes in his
11   Memorandum in Support of Answer, filed in this Court.  The only specific reference the
12   Administrative Law Judge did make was to a statement that Plaintiff was doing well in
13   June 2005 and able to walk unaided.  [AR 178 (Exhibit 1F/20, mis-cited as 2F/20)]  He
14   mentioned this report three times in his decision, and it was the only reference he gave for
15   his conclusion that medical improvement occurred as of January 1, 2006.  [AR 23]

16         This reference hardly qualifies as evidence that Plaintiff's medical condition,
17   a severe affliction of multiple sclerosis, had improved.  First, the reference is a single
18   notation, and does not purport in any way to be any kind of overall assessment of
19   Plaintiff's multiple sclerosis.  Second, the reference concerns a time when Plaintiff was
20   pregnant, and was therefore taken off most of her medication for a period of time; in that
21   context, the fact that she was doing "extremely well" is probably best understood as her
22   doing extremely well given the challenges posed by being pregnant, off her medications,
23   and facing the challenges posed by multiple sclerosis.  Indeed, her husband testified that
24   her ability to cope was better during her pregnancy.  [AR 48-49]  Third, there is no
25   comparison made with her impairments at the time she was disabled.  Indeed, the earlier
26   decision does not even seem to be part of the administrative record, for other documents
27   refer to it, but the decision itself does not appear to be in the materials provided to the
28   Court and certified by the Commissioner as containing "a full and accurate transcript of the

entire record of proceedings relating to this case." [AR, flyleaf]  This is not a sufficient basis to conclude that Plaintiff had improved medically, from a condition described as "relapsing/remitting multiple sclerosis." [AR 179]  Indeed, she apparently had a serious flare-up after the baby was born.  [AR 47]

This is the sum total of the evidence cited by the Administrative Law Judge for the finding that Plaintiff's impairment had medically improved.  It does not qualify as substantial evidence of medical improvement.  "Substantial evidence" is a term of art traditionally used when reviewing administrative decisions, and carries the traditional meaning in Social Security cases:  "more than a mere scintilla . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992)*, quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reasonable mind would not accept this single notation as adequate to indicate improvement in a condition that is chronic, incurable and degenerative, and in which the treating physician says that improvement has *not* occurred, and no examining physician has opined otherwise.

Since there was no substantial evidence of medical improvement, Plaintiff's disability benefits should not have been terminated.  Because of this conclusion, it is not necessary to assess Plaintiff's other arguments.

There remains the question of remedy.  The Ninth Circuit has held that "[b]enefits wrongfully terminated should be reinstated without further agency proceedings." *Iida v. Heckler*, 705 F.2d 363, 365 (9th Cir. 1983) (citation omitted).  The rationale is that since the Commissioner is free to review the claimant's disability status — indeed, Congress has mandated that he do so, for most cases, at least every three years, 42 U.S.C. § 421(i) — no purpose would be served by remanding the matter to the agency

/ / /

/ / /

/ / /

/ / /

for further development of the record.  *Cassiday v. Schweiker*, 663 F.2d 745, 750 (7th Cir. 1981).  Accordingly, the matter will be remanded only for the reinstatement of benefits.

IT IS SO ORDERED.


DATED:   July 9, 2009


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE